UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO G.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-07417-TLN-JDP<br>A # 246-397-764<br><br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Luis Alberto G's ("Petitioner") Petition for Writ of Habeas Corpus. (ECF No. 1.) Respondents filed an opposition. (ECF No. 8.) For the reasons set forth below, Petitioner's habeas petition is GRANTED. (ECF No. 1.)

///

///

///

///

///

[1] Che Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

Petitioner is a noncitizen who entered the United States on November 24, 2022. (ECF No. 1 at 4; ECF No. 8 at 7.) He was subsequently released from detention on parole. (ECF No. 8 at 7.) The Department of Homeland Security initiated removal proceedings against Petitioner through service of a Notice to Appear on May 13, 2025. (*Id.* at 15.) While in the United States, Petitioner filed an application for asylum. (ECF No. 1 at 15.)

Following an arrest for misdemeanor battery, federal immigration authorities took custody of Petitioner at the Turner Guilford Knight Correctional Center in Miami-Dade County, Florida on August 9, 2026.[2] (ECF No. 8 at 4.) He was subsequently transferred to California City Detention Facility and has not received a bond hearing in immigration court. (ECF No. 1 at 2, 26–27.)

On September 14, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus. (ECF No. 1.) Petitioner challenges the lawfulness of his civil detention and seeks immediate release. (*Id.*)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v.*

---

[2] Petitioner states that he entered immigration custody on August 15, 2026, whereas the government's records list the date as August 9, 2026. (ECF No. 1 at 2; ECF No. 8 at 4.) The precise date is immaterial.

*Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention violates the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 25–28.) In opposition, Respondents contend Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) ("§ 1225(b)(2)"). (ECF No. 8 at 1.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (2001). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

As to the first step, the Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). Respondents do not dispute that Petitioner has a protected liberty interest. (*See generally* ECF

---

[3] Petitioner also challenges his detention as violating the Fourth Amendment and the Administrative Procedure Act, pursuant to the district court's ruling in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025). (ECF No. 1 at 28.) Finding relief warranted on Petitioner's due process claim, the Court declines to address these additional claims in favor of judicial economy.

No. 8.)

Instead, Respondents' sole argument is that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Respondents' argument as to the applicability of § 1225(b)(2) is unavailing as the Ninth Circuit has confirmed the government's interpretation of the statute is incorrect. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). The mandatory detention scheme of § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) ("1226(a)"). *Id.* at *3. Accordingly, the Court finds Petitioner maintains a clear interest in his continued liberty protected by the Due Process Clause.

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution. Having considered the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. *See Brayan C. C. v. Warden of California City Corr. Ctr.*, No. 2:26-CV-00641-TLN-JDP, 2026 WL 710358, at *3–4 (E.D. Cal. Mar. 13, 2026). First, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. Second, the risk that Petitioner is being erroneously deprived of his liberty is high given that he has no criminal history aside from a single arrest for a misdemeanor offense. Respondents, while noting the existence of this arrest, do not argue Petitioner is a danger or a flight risk, and Petitioner has received virtually no procedural safeguards to ensure his detention is justified. Third, the Government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The Court notes that Respondents put forth no substantive argument on the process due to Petitioner.

Thus, upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. He received neither. Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus. (ECF No. 1.) IT IS HEREBY ORDERED:

1. Respondents must IMMEDIATELY RELEASE Petitioner Luis Alberto G. A# 246-397-764 from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

3. The Application to Proceed in Forma Pauperis is GRANTED. (ECF No. 2.)

4. The Motion for Temporary Restraining Order is DENIED as moot. (ECF No. 3.)

5. The Motion to Appoint Counsel is DENIED as moot. (ECF No. 4.)

6. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 22, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE